IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| vs. | ) | |
| | ) | |
| CARDINGTON-LINCOLN | ) | |
| BOARD OF EDUCATION | ) | |
| 121 Nichols Street | ) | |
| Cardington, Ohio 43315, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRIAN PETRI, SUPERINTENDENT | ) | |
| Cardington Lincoln Local Schools | ) | |
| 121 Nichols Street | ) | |
| Cardington, Ohio 43315, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CAROLINE DENZER | ) | |
| 1617 S. 4th Street | ) | |
| Columbus, Ohio 43207, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HEIDI HELMAN | ) | |
| 5867 Township Road 106 | ) | |
| Mount Gilead, Ohio 43338, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CENTRAL OHIO MENTAL HEALTH | ) | |
| CENTER | ) | |
| c/o Emily Lewis, Statutory Agent | ) | |
| 5650 Blazer Parkway | ) | |
| Dublin, Ohio 43017, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**
**(JURY DEMAND ENDORSED HEREON)**

Plaintiff Jane Doe (Jane)[1], through the undersigned counsel, sues defendants the Cardington-Lincoln Board of Education ("School Board"), Superintendent Brian Petri ("Petri"), Caroline Denzer ("Denzer"), Heidi Helman ("Helman") and Central Ohio Mental Health Center ("COMHC") and states:

## INTRODUCTION

1.     Jane was a 14-year-old female student enrolled at Cardington-Lincoln Middle School, when she was sexually assaulted by a 17-year-old male student off school property in August, 2016.  At that time, she did not tell any adult about the assault.

2.     In the weeks and months following the sexual assault, Jane became depressed and anxious.  As her depression and anxiety increased thereafter, she sought help from defendant Denzer, a School District employee and one of its licensed guidance counselors, and reported the sexual assault to defendant Denzer, that guidance counselor, on November 9, 2016.

3.     Instead of coming to her aid, defendant Denzer failed to adequately respond and investigate the allegations.  In the wholly unreasonable response to the sexual assault experienced by Jane, the guidance counselor also violated numerous School Board policies, her legal obligations and her state licensure regarding the safety and education of students

---

[1] "Jane Doe" has been substituted for Plaintiff's name in this Complaint to protect her identity.  Plaintiff was a minor at the time of the sexual assault and aftermath which form the basis of this Complaint.

committed to their care. Indeed, defendant Denzer is a "mandatory reporter" under Ohio law.

4.    Defendant Denzer failed to notify Jane's parents, failed to report it to the Superintendent and failed to refer the allegations to a law enforcement agency or the local children services agency, all as specifically required under Ohio law, her state licensure and School Board policies.

5.    On or about November 16, 2016, defendant Denzer determined that Jane was clearly distressed about the sexual assault and should be seen by a mental health counselor. Defendant Denzer then contacted Jane's mother for permission to have Jane speak to a mental health counselor but lied and failed to provide accurate and true information to Jane's mother and told Jane's mother that the recommended counseling was necessary because of "several home issues" that were causing Jane stress and anxiety. Relying on this false, incomplete and inaccurate information, Jane's mother gave her consent for counseling.

6.    On November 21, 2016, Jane met with the School District's mental health counselor, defendant Helman, and, again, reported the sexual assault. This defendant Helman, also a mental health counselor, failed to notify Jane's parents, failed to report the assault to the Superintendent and failed to refer the allegations to a law enforcement agency or the local children services agency, all as required under Ohio law, School Board policies and her license requirements.

7.    Both defendants Denzer and Helman encouraged Jane to report the assault to her mother, but Jane told them she could not do it and needed help.

3

8.      When the trauma from the assault worsened, Jane's depression and anxiety increased and she attempted suicide.  Jane's parents were unaware of this suicide attempt and still unaware that she had been sexually assaulted.

9.      Jane missed school from November 28, 2016 through December 9, 2016. During that time, her anxiety and depression substantially worsened.  Jane confided in her sister about the sexual assault.  She told her sister that she had not told their parents.  Jane's sister then immediately informed Jane's mother .  Jane's mother  immediately sat down with her daughter to talk about the assault.  Thereafter, Jane's mother, herself, reported the sexual assault to the Superintendent himself.

10.      Jane's mother  accompanied Jane to an appointment with defendant Helman on January 27, 2017, at which time it was determined that Jane was suicidal.  Jane's mental health condition had continued to deteriorate over this time without prior care.  Jane's mother  immediately took Jane to the hospital, and Jane was transferred and admitted to a psychiatric hospital for ten (10) days.  Jane was diagnosed with severe single current episode of major depressive disorder and post-traumatic stress disorder.

11.      Jane was prescribed medication for her psychiatric conditions, which she continues to take through the present time.

12.      Jane began independent psychiatric counseling on February 15, 2017, which continues through the present time.  Jane remained suicidal through March, 2017 and at times thereafter.

13.      By August, 2017, the new school year was fast approaching and Jane would then be at the same school as her assaulter/sexual harasser.  Jane, again, became suicidal

and, again, attempted suicide on August 10, 2017. She was admitted to another psychiatric hospital for seven (7) days.

14. On September 13, 2017, Jane then transferred to a new school outside the defendant School Board's district.

15. At all times relevant hereto, defendant Helman was employed by and was an agent, servant and/or employee of defendant COMHC.

16. The above-described actions and inactions of defendant Helman were committed within the scope of her employment with defendant COMHC in that they were committed while on duty and in furtherance of the business and for the benefit of defendant COMHC.

17. As defendant Helman's employer, defendant COMHC is responsible for the actions and inactions committed by defendant Helman within the scope of her employment under the doctrine of *respondeat superior*.

18. At all times relevant hereto, defendant Denzer was employed by and was an agent, servant and/or employee of defendant School Board.

19. The above-described actions and inactions of defendant Denzer were committed within the scope of her employment with defendant School Board in that they were committed while on duty and in furtherance of the business and for the benefit of defendant School Board.

20. As defendant Denzer's employer, defendant School Board is responsible for the actions and inactions committed by defendant Denzer within the scope of her employment under the doctrine of *respondeat superior*.

21.     The sexual assault combined with defendants' deliberate indifference toward the assault traumatized her emotionally and psychologically, harmed Jane educationally and caused damage to her reputation and standing in her community.

22.     Defendants School Board and COMHC failed to adequately train employees to recognize, prevent and address sexual harassment, including sexual assault, which resulted in the deprivation of Jane's constitutional, statutory and common-law rights.

23.     Defendant School Board's actions deprived Jane of equal access to educational opportunities in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a). Defendant School Board also violated Jane's rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, as well as state tort laws.

24.     Jane seeks monetary damages, attorney's fees and costs.

## JURISDICTION AND VENUE

25.     This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1334 because this is a civil action arising under the Constitution and the laws of the United States. Specifically, Jane asserts claims under Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.*, and the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. §1983. This Court has jurisdiction over the supplemental claims arising under Ohio law pursuant to 28 U.S.C. §1367(a).

26.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

27.     Jane is now an adult female who resides in Morrow County, Ohio.  At all relevant times, Jane was enrolled as a student at Cardington-Lincoln Middle School.

28.     As the body corporate for the School District, defendant School Board is a recipient of federal financial assistance within the meaning of 20 U.S.C. §1681(a).

29.     At all relevant times, defendant Petri was the Superintendent of the School District and charged with the administration and management of all District schools, and with the supervision of instruction.  [Ohio Revised Code §§3301.11, 3301.12]

30.     At all relevant times, defendant Petri was an employee of the School Board, acting or failing to act within the scope, power, course and authority of his employment.

31.     At all relevant times, defendant School Board and defendant Petri were responsible for providing training to School District employees, including guidance counselors and mental health counselors, related to the implementation of the defendant School Board's policies and procedures on discrimination, including sexual assault, in accordance with state and federal law.

32.     At all relevant times, defendant Denzer was a licensed guidance counselor and an employee of the School Board, acting and failing to act within the scope of her employment.

33.     At all relevant times, defendant COMHC was a non-profit corporation organized and existing under the laws of the State of Ohio, who provided mental health services to the School District through its agents and employees, including defendant Helman.

7

34.     At all relevant times, defendant Helman was a licensed mental health counselor and an employee of defendant COMHC, acting and failing to act within the scope of her employment.

## FACTUAL ASSERTIONS

### *Jane Was Sexually Assaulted by Another Student in August, 2016*

35.     In August, 2016, Jane was sexually assaulted by an older male student. Both were students in the Cardington-Local Schools.

36.     At that time, she was watching movies at the home of her best friend (BF) with BF, BF's boyfriend (BFB) and a friend of the boyfriend (LB). When BF and BFB left the room to get snacks and make popcorn, LB moved closer to Jane and began sexually assaulting her. Jane kept telling LB to stop and tried to fight him off when he began fondling and touching her. LB then grabbed Jane by the hair, exposed himself and forced her to perform oral sex on him. LB only stopped and let her go when he heard BF and BFB on their way back to the room.

37.     Jane did not tell anyone about the sexual assault, including Jane's mother , because she felt scared, ashamed and humiliated, and was also fearful that LB would further harass and/or assault her.

### *Failure to Report*
### *Defendant School Board Was Deliberately Indifferent to Jane's Sexual Assault*

38.     Jane spent a lot of time at home isolated in her bedroom after the assault. She became depressed and anxious and began cutting herself. She continued to be affected by the traumatic event after she began 8th grade at Cardington Middle School a couple of

weeks later. Eventually, as her depression and anxiety increased, she sought help from defendant Denzer, her school guidance counselor.

39.     On Wednesday, November 9, 2016, Jane told defendant Denzer, the School District's guidance counselor, about the sexual assault that occurred in August.

40.     Upon information and belief, at that time, defendant Denzer, the guidance counselor, did not take any action to address the matter.

41.     Defendant Denzer, the guidance counselor, did not notify Jane's mother at that time about the allegations of sexual assault, in violation of Ohio Revised Code §3313.666.[2]  Neither this defendant nor any other school official ever referred Jane's allegations of sexual assault to a public children services agency or law enforcement agency, in violation of Ohio Revised Code §2151.421.[3]

42.     On or about November 16, 2016, defendant Denzer, the guidance counselor, determined that Jane was clearly distressed about the sexual assault and should be seen by a mental health counselor.  Defendant Denzer, the guidance counselor, contacted Jane's mother for permission to have Jane speak to a mental health counselor, but lied and misrepresented to Jane's mother and said counseling was necessary because of "several home issues" that were causing Jane stress and anxiety (*not* the fact that she had been sexually assaulted).  As a result of the misrepresentation, Jane's mother gave her consent for counseling.

---

[2] A school district policy must include a procedure and "a requirement that the custodial parent … be notified ..." of any harassment, intimidation or bullying.

[3] "No [school employee, licensed school psychologist or independent family therapist] shall fail to immediately report [abuse or assault of a minor child] … to the public children services agency or a peace officer …"

43.     On November 21, 2016, Jane met with defendant Helman, the School District's mental health counselor, and, again, reported the sexual assault to that defendant.

44.     Upon information and belief, at that time, defendant Helman, the mental health counselor, did not take any action to address the matter.

45.     Defendant Helman, the mental health counselor, did not notify Jane's mother at that time about the allegations of sexual assault, in violation of Ohio Revised Code §3313.666.[4]  Neither defendant Helman, defendant Denzer, nor any other school official ever referred Jane's allegations of sexual assault to a public children services agency or law enforcement agency, in violation of Ohio Revised Code §2151.421.[5]

46.     Neither defendant Denzer, the guidance counselor, nor defendant Helman, the mental health counselor, provided any information to Jane about her rights under Title IX, how to contact the School District's Title IX Coordinator, how to file a report with law enforcement agencies, or how to obtain academic accommodations and support services to ensure her equal access to educational opportunities and benefits despite the traumatic events that she had experienced.

47.     Neither defendant Denzer, the guidance counselor, nor defendant Helman, the mental health counselor, informed Jane how changes could be made to her school environment or what changes would be made to anyone's class schedule to ensure that she was safe and protected in school, violating Ohio Revised Code §3313.666.

---

[4] A school district policy must include a procedure and "a requirement that the custodial parent . . . be notified . . ." of any harassment, intimidation or bullying.
[5] "No [school employee, licensed school psychologist or independent family therapist] shall fail to immediately report [abuse or assault of a minor child] . . . to the public children services agency or a peace officer . . ."

48.     No School Official ever performed an adequate, reliable or impartial investigation of the allegations of sexual assault of Jane.

49.     No School Official took any action to protect Jane and other students on November 9, 2016, or thereafter from the offender, in violation of Ohio Revised Code §3313.666.

50.     Upon information and belief, School Officials did not take adequate action to prevent the recurrence of harassment or sexual assault by the same offender of other students, in violation of Ohio Revised Code §3313.666.

51.     Upon information and belief, no School Official reported the allegation of sexual assault to the School District's Title IX Coordinator.

52.     No School Official immediately referred Jane's allegations to a law enforcement agency for investigation, nor told Jane or her mother that they had a right to ask a law enforcement agency to investigate.

53.     Upon information and belief, defendants provided inadequate training to employees about Title IX.

54.     Defendants are charged with processing complaints according to federal agency procedures, which includes the U.S. Department of Education's regulations and guidance on Title IX and sexual harassment.

55.     Defendants did not apply the Department of Education's regulations and guidance standards because they failed to:  conduct an adequate, reliable and impartial investigation and provide interim measures and academic accommodations to ensure that Jane continued to have equal access to educational opportunities.

56. Also, contrary to School Board Policies, including but not limited to §2260:

a. No School Official ever communicated to Jane or her mother the outcome of any adequate school-based investigation in writing or otherwise.

b. Upon information and belief, no School Official or other employee of the School District interviewed all the available witnesses who would have been identified by Jane had the School District conducted an adequate, impartial and reliable investigation.

c. Upon information and belief, no School Official or other employee of the School District completed an investigation into Jane's allegations within fifteen (15) business days.

d. No School Official or other employee of the School District provided Jane or Jane's mother with a copy of School Board Policies.

57. Jane's depression and anxiety increased and she, ultimately, attempted suicide. Jane's parents were still unaware of this suicide attempt and unaware that their child had been sexually assaulted.

58. Jane missed school from November 28 through December 9, 2016. During that time, as her anxiety and depression continued to worsen, Jane confided in her sister about the sexual assault. She also told her sister that she had not told their parents. Jane's sister then immediately informed Jane's mother , who then sat down with Jane to talk about the assault.

59. Jane's mother, herself, thereafter, reported the sexual assault to the Superintendent.

### *Jane Was Harmed by Defendant School Board's Deliberate Indifference*

60.     Jane suffered physical and emotional distress and was harmed academically. She became afraid and anxious to return to school.

61.     Jane became suicidal and attempted suicide on two (2) separate occasions, after each of which she was admitted to a psychiatric hospital for treatment.  She continues treatment through the present time.

### CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF TITLE IX AS TO DEFENDANTS
### (Deliberate Indifference to Sexual Harassment)

62.     Jane incorporates all preceding paragraphs into this Count by reference as though fully restated herein.

63.     Title IX of the Education Amendments of 1972 provides, with limited exceptions, that, "[n]o person in the United States shall, on the basis of sex, be excluded from participating in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. §1681(a).

64.     At all relevant times, the School Board exercised substantial control over the sexual harasser who at all relevant times was a student enrolled in the School District.

65.     Title IX damages liability arises when School Officials with authority to take corrective action have actual knowledge of student-on-student sexual harassment and their response is deliberately indifferent, i.e., clearly unreasonable under the known circumstances.

66.     The sexual harassment, including sexual assault, suffered by Jane was so severe, pervasive and objectively offensive that it deprived her of equal access to the educational opportunities and benefits provided by defendant School Board.

67.     Beginning November 9, 2016, School District officials with authority to take corrective measures in response to student-on-student sexual harassment, including the guidance counselor and mental health counselor, acted with deliberate indifference to the severe, pervasive and objectively offensive sexual harassment, including sexual assault, that Jane suffered.

68.     Defendant School Board, through its School District officials, failed to refer the allegations to the School District Civil Rights Compliance Office.

69.     As a direct and proximate result of defendant School Board's deliberate indifference, Jane has suffered physical and psychological trauma, suffered emotional distress and anxiety, feared being in the school building, missed weeks of instruction and contact with her peers, and suffered damage to her reputation and standing in the community.  Jane was thus excluded from participating in and denied the benefits of defendant School Board's education program as a result of its deliberate indifference to the sexual harassment she suffered.

**COUNT II**
**SECTION 1983 LIABILITY AGAINST THE SCHOOL BOARD**
**Violation of the Right to Equal Protection, Brought Under 42 U.S.C. §1983**
**(Failure to Train)**

70.     Jane incorporates all preceding paragraphs into this Count by reference as though fully restated herein.

71.     Defendant School Board was at all times acting under color of law and had a duty -- but failed -- to train School District employees, including School Officials, on the School Board's policies for reporting and addressing sexual harassment of students like Jane.

72.     Defendant School Board had a custom of not adequately training School District employees, including School Officials, on (a) the identity of the School District's Title IX Coordinator; (b) their duty under both Title IX and the School Board policies to notify the Title IX Coordinator of all student-on-student harassment; (c) their duty to adequately, reliably and impartially investigate all reports of sexual harassment independently of law enforcement agencies; (d) how to conduct adequate, reliable and impartial investigations; and/or (e) how to provide effective academic accommodations and support services to student victims of sexual harassment.

73.     Defendant School Board's custom of failing to train School District employees, including the School Officials, on how to address sexual harassment, in light of the obvious need and risks of not doing so, amounted to deliberate indifference to the constitutional rights of students, such as Jane.

74.     Defendant School Board's failure to provide adequate training to employees (including guidance counselor and mental health counselor) represents a custom that actually caused injury to Jane. Defendant's failure to provide adequate training and the violation of Jane's constitutional rights is evidenced by the following:

a. Upon information and belief, Defendant School Board lacks adequate training materials and/or programs for employees on recognizing, preventing and addressing sexual harassment promptly and equitably;

b. School Officials' failure to report to the Morrow County Department of Children Services the alleged sexual harassment within a reasonable time frame;

c. School Officials' failure to immediately report the sexual assaults to law enforcement agencies or to inform Jane and her mother of the option of reporting the sexual assaults to law enforcement;

d. School Officials' failure to inform Jane of her rights under Title IX and of the identity of the Title IX Coordinator;

e. School Officials' failure to perform an adequate, reliable and impartial investigation of Jane's allegations;

f. School Officials' failure to immediately notify Jane's mother of Jane's allegations;

g. School Officials' failure to report Jane's allegations to the Civil Rights Compliance Office;

h. School Officials' failure to adequately document and report Jane's allegations as required by Defendant School Board's policies; and

i. School Officials' failure to take appropriate actions to protect Jane.

75. Defendant School Board was aware of its legal obligations pursuant to Title IX, state policies and District policies to appropriately train employees on how to

recognize, prevent and address reports of sexual harassment to protect students' constitutional rights.

76.     Defendant School Board's failure to train employees was unreasonable and amounted to deliberate indifference.

77.     As a direct and proximate result of defendant School Board's actions and inactions and violations of Jane's clearly established constitutional rights, Jane sustained and continues to sustain injuries, including emotional distress, psychological trauma and academic harms, for which she is entitled to be compensated.

**COUNT III**
**Pendent State Claim**
**NEGLIGENCE AS TO DEFENDANTS**

78.     Jane incorporates all preceding paragraphs into this Count by reference as though fully rested herein.

79.     This is a supplemental claim brought pursuant to 28 U.S.C. §1367 for negligence (as permitted by Ohio Revised Code §2305.10) against defendants School Board and Superintendent Petri, for injuries suffered by Jane as a result of the actions and inactions of the guidance counselor and the mental health counselor who were acting in the course and scope of their employment.

80.     While Jane was enrolled at Lincoln-Cardington Middle School, defendant School Board, defendant Superintendent Petri, the School Officials and their agents, including defendant Denzer and defendant Helman, were entrusted by law and policy with the care of Jane as a student at Lincoln-Cardington Middle School and had a duty to enforce

the defendant School Board's policy on sexual harassment, including sexual assault, and to ensure that Jane had access to her class work and was educated.

81.    Defendant School Board, defendant Denzer and defendant Helman also had a duty to promptly and reasonably investigate complaints of sexual harassment, including sexual assault, and to provide a reasonably safe environment for students to attend school or otherwise continue their education, without abatement.

82.    As detailed above, Jane was sexually assaulted by another student of Lincoln-Cardington Schools.

83.    As detailed above, Jane reported the sexual assault to School Officials, including defendant Denzer, the school guidance counselor, and defendant Helman, the mental health counselor, on two (2) separate occasions.

84.    Defendants School Board and Superintendent Petri, by and through the actions and non-actions of employees and agents of the School District and defendant School Board, including the School Officials, defendant Denzer and defendant Helman, breached the duty of care that they owed to Jane in the manner they investigated the reports of sexual harassment, including sexual assault, and in how they neglected her education and recovery from the trauma thereafter.  Specifically, they breached their duty of care by the following (without limitation):

    a.    Failing to properly, reasonably and equitably investigate the reports of Jane's sexual assault;

    b.    Failing to immediately inform Jane's mother of the reported assault;

    c.    Ignoring all evidence of mental distress;

      d.     Failing to refer the allegations to the School District Civil Rights Coordinator; and

      e.     Failing to immediately refer the allegations to local law enforcement.

<u>**COUNT IV**</u>
**Pendent State Claim**
**NEGLIGENCE -- FAILURE TO TRAIN -- AS TO**
**DEFENDANTS SCHOOL BOARD AND PETRI**

85.     Jane incorporates all preceding paragraphs into this Count by reference as though fully restated herein.

86.     This is a supplemental claim pursuant to 28 U.S.C. §1367 for negligence (as permitted by Ohio Revised Code §2305.10) against defendants School Board and Petri for injuries suffered by Jane as a result of the actions and inactions of the School Officials, including defendant Denzer, the school guidance counselor, defendant Helman, the mental health counselor, and other School District employees who were acting in the course and scope of their employment.

87.     In November, 2016, Jane was a student at Lincoln-Cardington Middle School, a school supervised, controlled and operated by defendants School Board and Petri.

88.     As such, defendants School Board and Petri and their agents were entrusted with the care of Jane and owed a duty to Jane to properly train their employees, agents and representatives for the investigation and handling of reports involving sexual harassment, including sexual assault, and the education of students suffering from trauma.

89.     The harm caused to Jane was foreseeable by the defendants' negligent failure to properly train their employees about handling reports of sexual harassment, including sexual assault.

90.     Defendants School Board and Petri breached that duty by failing to properly train School Officials, including defendant Denzer, the school guidance counselor, and defendant Helman, the mental health counselor, and other School District Employees, as evidenced by the following (without limitation):

a.      Upon information and belief, defendants' lack of training materials and/or programs for employees on recognizing, preventing and addressing sexual harassment and properly handling reports of same;

b.      School Officials' and other School District employees,' including defendant Denzer, the school guidance counselor, and defendant Helman, the mental health counselor, failure to immediately report to a law enforcement agency or local children services agency the alleged sexual assault;

c.      School Officials' and other School District employees,' including defendant Denzer, the school guidance counselor, and defendant Helman, the mental health counselor, failure to inform Jane of her rights under Title IX and School Board policies;

d.      School Officials' and other School District employees,' including defendant Denzer, the school guidance counselor, and defendant Helman, the mental health counselor, failure to perform a reasonable investigation of Jane's allegations;

       e.     School Officials' and other School District employees,' including defendant Denzer, the school guidance counselor, and defendant Helman, the mental health counselor, failure to immediately notify Jane's mother of Jane's allegations;

       f.     School Officials' and other School District employees,' including defendant Denzer, the school guidance counselor, and defendant Helman, the mental health counselor, failure to report Jane's allegations to the School Board Civil Rights Coordinator;

       g.     School Officials' and other School District employees,' including defendant Denzer, the school guidance counselor, and defendant Helman, the mental health counselor, failure to adequately document and report Jane's allegations as required under Defendant School Board's policies;

       h.     School Officials' and other School District employees,' including defendant Denzer, the school guidance counselor, and defendant Helman, the mental health counselor, failure to take appropriate actions to protect Jane and other students from further harassment, including assault; and

       i.     School Officials' and other School District employees,' including defendant Denzer, the school guidance counselor, and defendant Helman, the mental health counselor, failure to notify Jane that she had the right to report the allegations to the local police and the Civil Rights Coordinator.

## COUNT V
### Pending State Claim
### NEGLIGENCE *PER SE* AS TO DEFENDANTS SCHOOL BOARD, PETRI, DEMZER AND HELMAN

91.　　Jane incorporates all preceding paragraphs into this Count by reference as though fully restated herein.

92.　　This is an action for negligence *per se* (as permitted by Ohio Revised Code §2151.421) against defendants School Board, Petri, Denzer and Helman for injuries suffered by Jane as a result of the actions and inactions of School Officials and/or other School District employees who were acting in the course and scope of their employment.

93.　　Pursuant to Ohio Revised Code §2151.421, defendants School Board, Petri, Denzer and Helman were required to immediately report the sexual assault of Jane, a minor child, to the Morrow County Department of Children Services and the local police agency and/or the State Attorney's Office.

94.　　Defendants School Board, Denzer and Helman did not report the sexual assault of Jane to any or all of those entities within a reasonable time frame.

95.　　As a proximate result of defendants School Board, Petri, Denzer and Helman's violation of Ohio Revised Code §2151.421, Jane suffered and continues to suffer severe emotional distress and academic harms.

## COUNT VI
### Pending State Claim
### INTENTION INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANTS SCHOOL BOARD, PETRI, DEMZER AND HELMAN

96.　　Jane incorporates all preceding paragraphs into this Count by reference as though fully restated herein.

97.     This is an action for intentional infliction of severe emotional distress (as permitted by Ohio common law) against defendants School Board, Petri, Denzer and Helman for injuries suffered by Jane as a result of the actions and inactions of School Officials and other School District employees who were acting in the course and scope of their employment.

98.     As detailed above, defendants School Board, Petri, Denzer and Helman, through the intentional and reckless actions of School Officials and other School District employees, knew or should have known that emotional distress would likely result from their actions and inactions.

99.     Specifically, defendants School Board, Petri, Denzer and Helman, through the actions of School Officials and other School District employees, took the following actions (without limitation):

a.      Failed to complete a reasonable and equitable investigation of Jane's allegations;

b.      Failed to refer her complaint for investigation by the Civil Rights Coordinator or for criminal investigation;

c.      Failed to immediately report her complaint of sexual assault to the Morrow County Department of Children Services;

d.      Failed to tell Jane or her mother of their rights under state law, School Board policy, and Title IX;

e.      Failed to protect Jane from further harassment by the perpetrator or his affiliates; and/or

      f.     Failed to, within a reasonable time frame, transfer her to another school away from the perpetrator and his affiliates where she could finish her education.

100.    The conduct of the School Officials, in the course of their duties, and defendants Denzer and Helman was outrageous; it went beyond all bounds of decency and is odious and intolerable in a civilized community.

101.    As a result of the conduct of the School Officials, in the course of their duties, and defendants, Jane suffered severe emotional distress.

WHEREFORE, Jane respectfully requests judgment in her favor and against defendants School Board, Petri, Denzer, Helman and COMHC on all counts as follows:

A.    Compensatory damages for Jane's psychological and emotional distress, loss of educational opportunities and benefits, standing in her community, and damages to her reputation and future earnings in an amount to be proved at trial;

B.    Punitive damages;

C.    Interest;

D.    Costs;

E.    Reasonable attorney's fees for the efforts of undersigned counsel retained to represent her; and

F.    Such other and further relief, including equitable relief, that this Court deems just and proper.

Respectfully submitted,


/s/ J. Jeffrey Heck
J. Jeffrey Heck (0039986)
Jefferey R. Stiffler (0084723)
THE HECK LAW OFFICES, LTD.
One Marion Avenue, Suite 215
Mansfield, Ohio 44903
Telephone: (419) 524-2700
Fax: (419) 524-2710
E-mail:  jheck@hecklawoffices.com
            jstiffler@hecklawoffices.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a trial by jury.

s/ J. Jeffrey Heck
J. Jeffrey Heck (0039986)
THE HECK LAW OFFICES, LTD.
*Attorneys for Plaintiff*